cc: order, docket, remand letter
to Los Angeles Superior Court,
No. BC 441475

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENINSULA MERCHANT SYNDICATIONS CORP., a British Columbia Corporation; SAM MAGID, an individual, <br><br> PLAINTIFFS, <br><br> vs. <br><br> KIRK MULLEN, an individual, and Does 1 through 10, inclusive, <br><br> DEFENDANTS. | Case No.: 2:11-cv-03076-R -AJW <br><br> Assigned to Manuel L. Real <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447** |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**WHEREAS**, plaintiffs Peninsula Merchant Syndications Corp. and Sam Magid (collectively "Plaintiffs") filed a motion for an Order pursuant to 28 U.S.C. §1447(c) remanding this matter to the Superior Court of the State of California, and for costs and attorney's fees that Plaintiffs incurred based on defendant Kirk Mullen's ("Defendant") improper removal (the "Motion to Remand").

**WHEREAS**, the Motion to Remand came on for hearing before the Honorable Manuel L. Real, United States District Court Judge on June 6, 2011 at 10:00  at 10:00 a.m. in Courtroom 8 of the above-entitled court;

**NOW, THEREFORE**, having considered Plaintiff's Motion to Remand, the opposition and reply thereto, and upon oral argument, the Court ORDERS as follows:

1.     Plaintiffs' Motion to Remand is GRANTED and pursuant to 28 U.S.C. § 1447(c), this action is immediately REMANDED to the Superior Court of the State of California, Department 54.  Specifically, although this Court has exclusive jurisdiction to adjudicate claims that require an interpretation of the Copyright Act's work-for-hire doctrine, Plaintiffs' Complaint in this action was carefully tailored to seek a declaration of copyright ownership based only on a contractual assignment.  As claims involving the assignment of a copyright do not raise a federal question, this Court lacks subject matter jurisdiction to adjudicate Plaintiffs' Complaint;

2.     Plaintiff s' application pursuant to 28 U.S.C. § 1447(c) for an award of Eight Thousand Four Hundred and 00/100 dollars ($8,400.00) in reasonable attorney's fees incurred as a result of Defendant's improper removal is GRANTED. Defendant's removal was objectively unreasonable and designed to delay the trial in this matter; and

3.     Pursuant to 28 U.S.C. § 1447(c), Defendant is Ordered to make payment of Eight Thousand Four Hundred and 00/100 dollars ($8,400.00) to Plaintiffs' counsel, reflecting the reasonable attorney's fees incurred by Plaintiffs

1  as a result of Defendant's improper removal, within twenty-one (21) days of this
2  Order. If Defendant fails to do so, pursuant to F.R.C.P., Rule 58, Plaintiffs may
3  immediately request entry of judgment against Defendant in the amount of Eight
4  Thousand Four Hundred and 00/100 dollars ($8,400.00), less any amounts paid by
5  Defendant.

6  IT IS SO ORDERED.

8  June 8, 2011                                    _____
                                                   The Honorable Manuel L. Real
                                                   United States District Judge